IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| SELECTIVE INS. CO. OF SC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Judge Bucklo |
| | ) | |
| PHUSION PROJECTS INC., et al., | ) | 11 C 3378 |
| | ) | |
| Defendants. | ) | |
| | ) | |

PHUSION'S BRIEF SUPPORTING RULE 12(b)(1) MOTION
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

All Defendants ("Phusion"), for their brief supporting their Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction because there is no longer a justiciable case or controversy between the parties, state as follows:

1. On June 22, 2011, shortly after Plaintiff ("Selective") brought this insurance declaratory action, Phusion notified Selective that Phusion was withdrawing its tender of defense of the underlying cases and that Phusion was withdrawing its request for insurance coverage from Selective under its policy. Accordingly, Phusion requested that Selective voluntarily dismiss this action as moot. Phusion also advised Selective that Phusion was relying on a different insurer for Phusion's defense of the underlying cases. However, Selective refused to dismiss unless Phusion agreed to withdraw its tender "for all purposes and with prejudice."

2. Phusion urged Selective to reconsider. Phusion explained that it should not be forced to give up its right to possible future help from Selective, if ever needed. Phusion warned that Selective's position contradicted Illinois insurance law expressed

recently by this Court in *U.S. Fidelity and Guaranty Co. v. Shorenstein Realty*, 2011 WL 1814340, *5 (N.D. Ill. May 11, 2011) (Bucklo, J.) (Under targeted tender rule, insured's right to "deselect" and forego insurer's assistance "should be protected."). Phusion also cautioned Selective that its refusal to voluntarily dismiss amounted to vexatious ligation that may draw sanctions.

   3. Selective ignored Phusion's warnings. Selective proffered a case from Georgia, claiming the justiciable case or controversy test for subject matter jurisdiction is applied when the action is filed and no later. *American Ins. Co. v. Evercare Co.*, 699 F. Supp. 2d 1355,1358 (N.D. Ga. 2010). Therefore, according to Selective, Phusion's withdrawal of its request for coverage from Selective made no difference for subject matter jurisdiction.

   4. However, Selective's Georgia case violates longstanding United States Supreme Court authority. Under Supreme Court precedent, it is clear that the justiciable case or controversy test is a continuing inquiry: if a case becomes moot any time after filing, the court must dismiss it for lack of jurisdiction. *Alvarez v. Smith*, 130 S. Ct. 576, 581 (2009) ("[A]ctual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). Phusion reported this precedent to Selective and also noted that, unlike here, the insured in the Georgia case refused to withdraw its request for coverage and continued to press its insurer for coverage. *American Ins. Co.*, 699 F. Supp. 2d at 1359. Selective has not disputed that its Georgia case is wrong on the law and distinguishable from Phusion's facts. Moreover, Selective has the burden to prove a justiciable case or controversy. *Caldera Pharmaceuticals, Inc. v. Los Alamos Nat.*, 2011 WL 1428220, *1 (N.D. Ill.

March 11, 2011) (Bucklo, J.) (burden is on party asserting federal subject matter jurisdiction). Selective has failed to meet this burden.

5. Selective still refuses to dismiss even though its request for declaratory relief is too remote and too speculative to be a justiciable case or controversy at this point. Phusion may never come back to Selective for coverage. If Phusion does demand coverage from Selective in the future, then Selective may have a justiciable case. However, at this time, Selective fails the test for a justiciable action. *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (Facts alleged "under all the circumstances [must] show that there is a substantial controversy ... of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."). Genuine copies of the parties' core communications documenting the foregoing facts are attached as Group Exhibit A.

WHEREFORE, for the foregoing reasons, all Defendants respectfully request dismissal of this action for lack of subject matter jurisdiction and for any other appropriate relief.

    Respectfully submitted,
    ALL DEFENDANTS,

    By: /s/ Dwight B. Palmer, Jr.
        One of Their Attorneys

Dated: September 6, 2011

Dwight B. Palmer, Jr. (IL #2137372)
PALMER & ASSOCIATES
Attorneys for Defendants
203 North LaSalle Street, Suite 1500
Chicago, Illinois 60601
(312) 357-1500 or 1505