IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| SELECTIVE INS. CO. OF S.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Judge Bucklo |
| | ) | |
| PHUSION PROJECTS, INC., et al., | ) | 11-cv-3378 |
| | ) | |
| Defendants. | ) | |
| | ) | |

PHUSION'S REPLY BRIEF SUPPORTING ITS RULE 12(b)(1)
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

All Defendants ("Phusion"), for their reply brief supporting their Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction because there is no justiciable case or controversy, state as follows:

1. Selective's position is not supported by legal authority. Selective misstates the legal standard for subject matter jurisdiction by alleging the "party claiming declaratory judgment jurisdiction must establish that an actual controversy existed *at the time of the filing of the complaint*." Selective opp., Dkt. #20 ¶¶ 9-10 (emphasis added). The justiciable case or controversy rule, however, unlike the diversity jurisdiction inquiry, is not limited to the time of filing. Rather, the justiciable case or controversy test is a continuing inquiry: if a case becomes moot *any time after filing*, the court must dismiss it. *Alvarez v. Smith*, 130 S. Ct. 576, 580 (2009) ("[A]ctual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). Selective fails to distinguish *Alvarez* for the only

reason Phusion cites it, *i.e.,* the justiciable case or controversy test is a continuing inquiry.

2. Selective misstates a Georgia case to say "the possibility or conjecture of a future lawsuit" is enough for a justiciable case or controversy. *American Ins. Co. v. Evercare Co.*, 699 F. Supp. 2d 1355, 1358 (N.D. Ga. 2010); Selective opp., Dkt. #20 ¶ 12. *American Ins.* does not apply because its facts are the opposite of Phusion's situation. In *American Ins.*, the insured *refused* to withdraw its demand for coverage and continued to press its insurer for coverage, unlike Phusion. *American Ins. Co.*, 699 F. Supp. 2d at 1359. *American Ins.* does not jettison the requirement that a justiciable case or controversy must be a real, actual, and immediate controversy, not hypothetical or speculative, like Selective's suit. *Id.* at 1358.

3. Selective fails the test for proving a justiciable case or controversy because it cannot show a direct injury or threat of direct injury that is current, real and immediate, not conjectural or hypothetical. *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (Facts alleged "under all the circumstances [must] show that there is a substantial controversy ... of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."); *Atl. Int'l Ins. Co. v. Atchison, Topeka, and Santa Fe Ry.*, 938 F.2d 81, 83 (7th Cir. 1991) (The party bringing a declaratory action "must show an actual controversy and a direct injury or threat of injury that is 'real and immediate, not conjectural or hypothetical.' ") (internal citations omitted).

4. Here, the controversy became moot on June 22, 2011 when Phusion withdrew its request for insurance coverage from Selective. (June 22, 2011 e-mail Palmer to Conrad; genuine copy attached as Exhibit A.) Phusion clearly informed

2

Selective of such withdrawal, again, a few weeks ago: "Phusion is reporting this new claim to Selective in compliance with the policy notice provision only as the policy directs. Phusion is not requesting a defense or any other coverage from Selective for this claim or any other matter at this time." (September 26, 2011 e-mail Palmer to Conrad; genuine copy attached as Exhibit B.) Phusion continues to report matters to Selective as Phusion receives them because Selective's policy commands it: "You [Phusion] must see to it that we [Selective] are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim." (Policy Section IV - Commercial General Liability Conditions at 2. Duties In The Event Of Occurrence, Offense, Claim Or Suit.) Illinois insurance law allows Phusion to continue notifying Selective of new claims to preserve Phusion's rights, without "reactivating" Selective. *Legion Ins. Co. v. Empire Fire and Marine Ins. Co.*, 354 Ill.App.3d 699, 705 (1st Dist. 2004) (Insured correctly stated that it "merely wanted to place [deactivated insurer] ... on notice of the claims in the event that [activated insurer] ... was ultimately found not to have a duty to defend and indemnify it.").

5. Phusion withdrew its request for coverage from Selective to avert more litigation. Phusion already is defending numerous underlying tort cases in courts around the country and battling its other insurers in a pending declaratory judgment action before Judge Kennelly. (*Netherlands, et al. v. Phusion Projects*, 1:11-cv-01253, Dkt. #10.) Selective's refusal to voluntarily dismiss its moot declaratory action, unless Phusion agrees never to seek coverage under any circumstances, is a vexatious "piling on" of unnecessary litigation. Phusion is free to choose whether to pursue Selective for coverage, and has chosen not to pursue Selective now and

3

perhaps forever. *See U.S. Fidelity and Guaranty Co. v. Shorenstein Realty*, 2011 WL 1814340, *5 (N.D. Ill. May 11, 2011) (Bucklo, J.) (Insured's right to "deselect" and forego insurer's assistance "should be protected."). Selective cannot force Phusion to fight a hypothetical battle over coverage that may never become reality. Selective has no legal authority to support its untenable position.

6. Selective claims that Phusion might come back someday to ask for Selective's help with the underlying cases. However, until this occurs, Selective is merely speculating. Speculation is no basis for a declaratory action in federal court. *Medimmune, Inc.*, 549 U.S. at 127 (2007); *Atl. Int'l Ins. Co.*, 938 F.2d at 83. At this time, there is nothing more for Selective to do under Illinois insurance law. Selective responded to Phusion's notice and tender of the underlying suits and Phusion has subsequently informed Selective that Phusion does not want Selective's assistance at this time. Accordingly, Selective is relieved of its duty to defend under Illinois insurance law until further notice. *Cincinnati Cos. v. West Am. Ins. Co.*, 183 Ill. 2d 317, 326 (Ill. 1998) (holding that if insured says it does not want insurer's assistance, then insurer relieved of duty to defend); *see Legion Ins. Co. v. Empire Fire and Marine Ins. Co.*, 354 Ill.App.3d 705-706 (1st Dist. 2004) (deactivated insurer's only duty to insured is to provide standby coverage if chosen insurer refuses or is ultimately found to have no duty to defend underlying actions).

7. Selective attempts to distance itself from other "deactivated" insurers under Illinois' "targeted or selective tender" cases. Selective opp., Dkt. #20 ¶¶ 13-14. Selective misses the point. These cases recognize that Phusion has a right to choose which insurer to involve. The number of insurers that may provide coverage for a

4

claim has no bearing on Phusion's right to pursue or deactivate a particular insurer. The point is that Phusion has a right to choose and its insurers must respect that right, including Selective. "[The] insured has the paramount right to choose or knowingly forgo an insurer's participation in a claim . . . . The insured's right to choose encompasses the right to deactivate coverage with an insurer previously selected for purposes of invoking exclusive coverage with another insurer." *Legion Ins. Co.*, 354 Ill.App.3d at 703. A deactivated insurer, like Selective, may later be called upon if circumstances change, but it may never be needed. *Id.* at 706.

WHEREFORE, for the foregoing reasons, all Defendants respectfully request dismissal of this action for lack of subject matter jurisdiction and for any other appropriate relief.

                                              Respectfully submitted,
                                              ALL DEFENDANTS,

                                          By:  /s/ Dwight B. Palmer, Jr.
                                                    One of Their Attorneys

Dated: October 24, 2011

Dwight B. Palmer, Jr. (IL #2137372)
PALMER & ASSOCIATES
Attorneys for Defendants
203 North LaSalle Street, Suite 1500
Chicago, Illinois 60601
(312) 357-1500 or 1505 (direct)